**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**AMANDA ALEXANDER and**
**JOSEPH REMALIA,**

                                              **Case:**

    v.

**RICHARD LOPEZ,**
**CARLOS VALENZUELA,**
**and LARRY REUTER,**

    Defendants.

**SECTION 1983 COMPLAINT FOR THE VIOLATION OF**
**CONSTITUTIONALLY PROTECTED RIGHTS**

**(SIX PERSON JURY DEMANDED)**

**AMANDA ALEXANDER and JOSEPH REMALIA** by and through their undersigned counsel of record respectfully bring this Complaint for violations of their rights under the United States Constitution against Defendants Richard Lopez and Carlos Valenzuela, commissioned state law enforcement officers, pursuant to 42 U.S.C. Section 1983.

Plaintiffs demand that their claims be tried before a six-person (6) jury.

    I.    **THE PARTIES, JURISDICTION, AND VENUE**

1. Amanda Alexander is a real person who at all times material to this matter was a resident of Socorro County, New Mexico.

2. Joseph Remalia is a real person who at all times material to this matter was a resident of Socorro County, New Mexico.

3. Ms. Alexander and Mr. Remalia are husband and wife.

4. Defendant Richard Lopez was at all times relevant to this matter employed as a Lieutenant and commissioned state law enforcement officer by the Socorro County Sheriff's Office.

5. Defendant Carlos Valenzuela was at all times relevant to this matter employed as a Deputy Sheriff and commissioned state law enforcement officer by the Socorro County Sheriff's Office.

6. Defendant Larry Reuter was at all times relevant to this matter employed as a commissioned law enforcement officer by the New Mexico State Police.

7. Defendant Richard Lopez is a "person" subject to claims for federal protected constitutional rights under Section 1983.

8. Defendant Carlos Valenzuela is a "person" subject to claims for federal protected constitutional rights under Section 1983.

9. The wrongful acts of Defendants Lopez and Valenzuela occurred or were otherwise completed in Socorro County, New Mexico on June 17, 2021.

10. Defendants Lopez and Valenzuela's actions of June 17, 2021 were taken under color of state law.

11. Jurisdiction and venue are proper in this Court.

12. This Complaint is timely filed.

## II. THE FACTS

13. Plaintiffs hereby incorporate all other allegations set forth in this Complaint by reference as if fully set forth herein.

14. On the evening of June 17, 2021, Plaintiffs and several friends were at or around 78 Pedro Place, an isolated property located in Veguita, NM–a rural community in Socorro County–shooting firearms at an abandoned and vacant mobile home for recreation.

15. Plaintiffs own the real property located at 78 Pedro Place.

16. Defendants Richard Lopez and Carlos Valenzuela arrived at 78 Pedro Pl. at approximately 9:00 pm that evening. The Officers' vehicle was not flashing its cherry lights, beacons, or light bars upon approaching or upon arriving at the property.

17. The Officers were in an unmarked vehicle.

18. Upon arrival, the Officers parked their vehicle at a distance of about sixty-to-seventy five yards from where Plaintiffs and their friends were congregating around a pickup truck.

19. The Officers' vehicle was also parked behind an embankment of dirt and junk, which separated the officers from Plaintiffs, their group of friends, and the pickup truck.

20. Within approximately ten-seconds after arriving at the property, Defendants Lopez and Valenzuela opened fire upon Plaintiffs and the group of people standing around them–discharging several rounds of lethal ammunition into the dark of night.

21. At least one of the bullets fired by Defendants struck an oxygen tank being stored in the truck that Plaintiffs and their friends were gathered around.

This caused the oxygen tank to explode, engulfing Plaintiffs and their friends in a ball of fire.

22. At the time that Defendants Lopez and Valenzuela opened fire upon Plaintiffs, the totality of the circumstances did not warrant or justify the use of deadly force by the law enforcement officers.

23. Plaintiffs did not discharge a firearm at or towards the Officers prior to Defendants Lopez and Valenzuela opening fire.

24. None of the persons with Plaintiffs at the time discharged a firearm at or towards Defendants Lopez or Valenzuela before the law enforcement officers opened fire.

25. Defendants' use of excessive force caused Plaintiffs to suffer personal injury.

26. Defendants' use of excessive force caused damage to Plaintiffs' real property and the improvements thereon.

27. Plaintiff Remalia was placed under arrest without a warrant following the aforementioned events on June 17, 2021 by Defendant Reuter for being a felon in possession of a firearm.

28. Officer Reuter lacked probable cause to place Mr. Remalia under arrest for this suspected criminal offense.

29. Mr. Remalia was then detained by the New Mexico State Police for approximately ten (10) hours.

30. The actions that Defendants Lopez and Valenzuela took on June 17, 2021 were done under the color of state law.

31. The personal injuries that Plaintiffs suffered were the direct and proximate result of the wrongful acts of Defendants Lopez and Valenzuela.

32. Plaintiffs are entitled to an award of monetary damages in an amount to be proven at trial.

### III. CAUSES OF ACTION

**COUNT ONE-EXCESSIVE USE OF DEADLY FORCE IN VIOLATION OF THE FOURTH AMENDMENT**

33. Plaintiffshereby incorporate all other allegations set forth in this Complaint by reference as if fully set forth herein.

34. The Fourth Amendment to the United States Constitution protects Plaintiffs from being subject to unreasonable search and seizure.

35. Defendants Lopez and Valenzuela seized Plaintiffs on June 17, 2021 by discharging several rounds of lethal ammunition at Plaintiffs, which restrained their liberty.

36. Defendants Lopez and Valenzuela's use of deadly force to accomplish this seizure was unreasonable.

37. Defendants Lopez and Valenzuela used greater force that would have been reasonably necessary to lawfully seize Plaintiffs when viewed from the perspective of an objectively reasonable officer on the scene.

38. Defendant Lopez and Venezuela's unreasonable use of deadly force to accomplish a seizure of Plaintiffs on June 17, 2021 was the natural and proximate cause of Plaintiffs' personal injuries and damage to Plaintiffs' real property and the improvements thereon.

5

39. Plaintiffs are entitled to damages owing to the excessive use of deadly force by Defendants in an amount to be proven at trial.

**COUNT TWO-EXCESSIVE USE OF DEADLY FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT**

40. Plaintiffs hereby incorporate all other allegations set forth in this Complaint by reference as if fully set forth herein.

41. The Fourteenth Amendment protects Plaintiffs' right to be free from the arbitrary use of deadly force by state law enforcement officers without due process of law.

42. The amount of deadly force used by Defendants Lopez and Valenzuela on June 17, 2021 was grossly disproportionate to the need presented.

43. Defendants' unreasonable use of deadly force on June 17, 2021 caused Plaintiffs to suffer personal injuries.

44. Defendants' use of deadly force on this day was inspired by malice or by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience.

45. Plaintiffs were not suspected of a serious crime, posed little to no threat to officers Lopez and Valenzuela, and put up little to no resistance.

46. Defendant Lopez and Venezuela's unreasonable use of deadly force against Plaintiffs on June 17, 2021 was the natural and proximate cause of Plaintiffs' personal injuries,damage to Plaintiffs' real property and the improvements

thereon, and violated Plaintiffs' due process rights as protected by the Fourteenth Amendment.

47. Plaintiffs are entitled to damages for personal injury and damage to property caused by the excessive use of deadly force by Defendants in an amount to be proven at trial.

**COUNT THREE-FALSE ARREST AND FALSE IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT BY PLAINTIFF REMALIA**

48. Plaintiffs hereby incorporate all other allegations set forth in this Complaint by reference as if fully set forth herein.

49. The Fourth Amendment protects Plaintiffs from being subject to unlawful arrest or imprisonment.

50. To establish a false arrest claim under Section 1983, a Plaintiff must demonstrate the elements of the common law tort of false arrest. *See* Taylor v. Meacham, 82 F.3d 1556, 1561 (10th Cir. 1996).

51. The tort of false arrest and false imprisonment occurs under New Mexico common law when a person intentionally confines or retrains another person without consent and with knowledge that he has no lawful authority to do so. Santillo v. N.M. Dep't of Pub. Safety, 2007-NMCA-159, ¶ 12, 143 N.M. 84, 173 P.3d 6.

52. Here, Defendant Reuter lacked probable cause to believe that Mr. Remalia was a felon in possession of a firearm on June 17, 2021.

53. Defendant Reuter therefore lacked the lawful authority to arrest Mr. Remalia, or to hold them in custody for a period of at least ten (10) hours while suffering from several gunshot injuries, due to the absence of probable cause.

54. Mr. Remalia is entitled to damages arising from this false arrest and false imprisonment in an amount to be proven at trial.

## IV. PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs respectfully ask the Court to enter judgment in their favor as to all claims plead herein, and to award them all damages available at law or common law.

Respectfully submitted,

**CANDELARIA LAW LLC**

*/s/ Jacob R. Candelaria*
_____
Jacob R. Candelaria
P.O. Box 27437
Albuquerque, New Mexico 87125
Ph: 505-295-5118
jacob@jacobcandelaria.com